**Dated: February 17, 2016**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Kenneth Gross & Brenda Gross, | ) | Case No. 15-10951-JDL |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| New Falls Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. No. 15-1234-JDL |
| | ) | |
| Kenneth Gross & Brenda Gross, | ) | |
| | ) | |
| Defendants. | ) | |

**CORRECTED
ORDER OVERRULING DEFENDANTS' OBJECTION TO SUBPOENA
<u>TO TESTIFY AT A DEPOSITION</u>**

On the date above written, this matter came on for consideration upon Defendants'

*Objection to Subpoena to Testify at a Deposition in a Bankruptcy Case* filed on December

15, 2015 ("*the Objection*") [Doc. 18]. The *Objection* was filed in response to Plaintiff's *Notice of Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding*) filed on November 24, 2015 ("the *Notice*") [Doc. 17]. The Notice was filed in conjunction with the issuance of subpoena by the Plaintiff to take the deposition of Miranda Gross, the Defendant's daughter, on December 15, 2015, at the offices of Plaintiff's counsel in Oklahoma City, Oklahoma. The deponent failed to appear and the deposition did not take place. While designated as an "objection", Defendants' pleading seeks that the subpoena to testify at the deposition be "stricken and reset for a mutually agreeable time". The Court will thus treat the "Objection to Subpoena" as a motion to quash.

The Notice reflected that the subpoena was issued pursuant to Fed. Rule Civ. P. 30 (a)(1), which is applicable to adversary proceedings by virtue of Fed. R. Bankr. P. 7030. Fed. R. Civ. P. 30(a)(1) provides that "a deponent's attendance may be compelled by subpoena under Rule 45". Pursuant to Rule 45(d)(3), the court, where compliance is required, may quash or modify a subpoena once a party "timely" moves to quash or modify. Generally, courts have interpreted "timely" as "within the time set in the subpoena for compliance". *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 270, 278 n. 6 (D. D.C. 2002); *Innomed Laboratories, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) ("it is reasonable to assume that the motion to quash should be brought before the notice date of the scheduled deposition"); *City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 1995298 (E.D. Pa. 2008) (citing 9 *Moore's Federal Practice*, Civ. § 45.50 (2006 Ed.).

2

The record reflects that the *Objection* was filed at 9:32 AM on December 15, 2015, [Doc.18, Notice of Electronic Filing]. The subpoena which the *Objection* sought to quash had the deposition set for 9:00 AM on December 15, 2015. [Doc. 17]. Technically, the Objection was therefore filed thirty-two minutes too late. Should the Court not even consider the Objection because the deposition never took place and the matter is now moot? Should the Court rule upon the *Objection* and find the same was filed timely because it was only thirty-two minutes late? The Court finds that the answer to both questions is in the negative.

A party moving to quash a subpoena bears the burden of proof. See e.g. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Texas 1998) (citing *Linder v. Department of Defense,* 133 F.3d 17, 24 (D.C. Cir. 1998) ("holding that the "burden of proving that a subpoena is oppressive is on the party moving to quash"); *Vitale v. McAtee*, 170 F.R.D. 404, 407 (E.D. Pa. 1997); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D. N.Y. 1996) (holding that "the burden of persuasion in a motion to quash a subpoena is borne by the movant"). The burden is a heavy one. See *Williams*, 178 F.R.D. at 109 (citations omitted); *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 391, 403 (D.C. Cir. 1984). Movant must meet the burden "of establishing a compliance with the subpoena would be 'unreasonable and oppressive'". Common examples of undue burden include: "untimely service, inability to appear, inability to produce requested documents or things, failure to identify what items requested, and excessive costs". *In re County of Orange*, 208 B.R. 117, 120 (Bankr. S.D.N.Y. 1997) (quoting Moore's , *Federal Practice* § 45.04 [3] [b]. None of those situations are applicable to the present case. The only stated reason for the

Objection is that Defendants' counsel would not be available due to a deposition in another case.  The protection against a subpoena, however, is generally not available to counsel for the non-subpoenaed party. A motion to quash is governed by Rule 45(d) which is entitled "*Protecting a Person Subject to a Subpoena*".  This title by itself suggests that Rule 45(d) is designed primarily to protect persons from subpoenas that are served upon them. *Hanford Downwinders Coalition, Inc.  v. Dowdle*, 71 F.3d 1469, 1475 (9th Cir. 1995) (citing *Greyhound Corp. v. United States*,  495 F.2d 863, 868 (9th Cir. 1974) (noting that statutory titles "can be very useful tools" in resolving the ambiguity of statutes ).  The Advisory Committee Note states that the purpose of Rule 45(d)(3) is to protect a *witness* from misuse of the subpoena power.  Furthermore, in discussing Rule 45, the Advisory Committee Note continually refers to the protection of the "witness," rather than "all persons".  If the drafters of Rule 45 had intended to have it apply to parties and counsel who are not directly subject to the subpoena, they would have so stated.

This Court does not believe that a party has standing to quash the subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) (absent a showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *Broadcort Capital Corp. v. Flagler,* 149 F.R.D. 626, 628 (D. Colo. 1993).  Courts in the Tenth Circuit have held that a party only has standing to challenge a subpoena served on a third-party on the basis of privilege, personal interest, or proprietary interest. See e.g., *Howard v. Segway, Inc.*, 2012 WL 2923230 (N.D. Okla. 2012,) (even where a party has standing to quash a subpoena issued on privilege or a personal right, he or she lacks standing to

4

object on the basis of undue burden) (citing *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18 I (D. D.C. 2005)). In short, this Court does not believe that the *Objection* states sufficient grounds to quash the subpoena.

This Court has broad discretion in handling discovery matters, including the decision to quash or modify a subpoena. See e.g. *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990) ("a motion to quash a subpoena is left to the sound discretion of the trial court."). This Court exercises its discretion in finding that the thirty-two minute late objection to the subpoena was filed untimely, and that the purported inconvenience to Defendants' counsel was not a basis for quashing the subpoena. Although Defendants' counsel had notice of the subpoena for 21 days, the *Objection* was not filed until thirty-two minutes after the deposition was scheduled to begin. In exercising its discretion, this Court must consider the practical effect of in any way appearing to condone the dilatory action of Defendants' counsel in this matter. This Court should not take any action which condones last-minute filings which have the effect of delaying a deposition or document production or allows a party or a deponent to gain an automatic delay by simply waiting until the last possible moment to file a motion to quash. Accordingly,

**IT IS ORDERED** that Defendants' *Objection to Subpoena* [Doc.18] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants are precluded from calling Miranda Gross as a witness on their behalf at the trial which is scheduled to commence on March 9, 2016.

# # # #